₯PROB 12C
(12/04)

# UNITED STATES DISTRICT COURT

for

## District of the Northern Mariana Islands

F I L E D
Clerk
District Court

MAY 1 8 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## Petition for Warrant or Summons for Offender Under Supervision

| | | | |
|---|---|---|---|
| Name of Offender: | Steven Villagomez Pangelinan | Case Number: | CR 95-00024-005 |

Name of Sentencing Judicial Officer:   Alex R. Munson

Date of Original Sentence:   June 7, 1996

Original Offense: Possession with Intent to Distribute a Scheduled II Controlled Substance, 21 U.S.C. § 841 (a)(1); Conspiracy to Possess with Intent to Distribute a Scheduled II Controlled Substance, 21 U.S.C. § 846

Original Sentence: 33 months imprisonment followed by five years supervised release with conditions to include that the defendant participate in a treatment program approved by the U.S. Probation Office for substance abuse, and that he pay a fine of $25,000. **Conditions modified on August 25, 1999** to include: that he refrain from alcohol, seek and maintain gainful employment, obtain a high school equivalency diploma, and perform 100 hours of community service. **Supervised release was revoked on January 25, 2000, and the defendant was sentenced to nine months imprisonment followed by a 51 month term of supervised release** with conditions that he not commit another federal, state, or local crime, comply with the standard conditions of supervised release; not possess, use, distribute or administer any controlled substances; refrain from the use of any alcohol; participate in a substance abuse program approved by the U.S. Probation Office, which will include testing; seek and maintain gainful employment; obtain a high school equivalency diploma during the term of his supervised release; perform 100 hours of community service under the direction of the U.S. Probation Office; pay a $50 special assessment fee and $25,000 fine. **Conditions modified on June 15, 2001** to include that the defendant report to the Probation Officer once a week at a time set by the Probation Officer and continue with that schedule until such time as the Probation Officer revises the schedule; register at the Northern Marianas College GED program and obtain his GED; pay $50 monthly toward his fine until he obtains employment and is able to pay more per month as determined by the Probation Officer; abstain from any use of alcohol; and perform 140 hours of community service under the direction of the U.S. Probation Office, and shall work 24 hours every week at the National Park Service at American Memorial Park until the balance of his community service is satisfied. **Conditions modified on February 28, 2003** to include: an additional 100 hours of community service. **Conditions modified on October 15, 2004** to include: refrain from any gambling involving money; refrain from entering any poker establishments; and perform an additional 100 hours of community service under the direction of the U.S. Probation Office. **Supervised release was revoked on February 23, 2005 and a sentence of time served (one day) was imposed followed by a 51 month term of supervised release** with conditions previously imposed and an additional condition that on the date that defendant obtains his GED and pays off the entire fine balance, his supervision will terminate.

| | | | |
|---|---|---|---|
| Type of Supervision: | Supervised Release | Date Supervision Commenced: | October 24, 2000 |
| Assistant U.S. Attorney: | Timothy E. Moran | Defense Attorney: | F. Matthew Smith |

### PETITIONING THE COURT

☐ To issue a warrant

☒ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Special Condition #6 | Failure to participate in a program approved by the probation office for substance abuse which may include but is not limited to random urinalysis, in violation of 18 U.S.C. § 3583(d). |
| 2. Special Condition #8 | Failure to report to the probation officer once a week at a time set by the probation officer and shall continue with that schedule until such time as the probation officer revises that schedule, in violation of 18 U.S.C. § 3583(d). |
| 3. Special Condition #10 | That the defendant pay shall pay $50 monthly toward his fine until he obtains employment and is able to pay more per month as determined by the probation officer, in violation of 18 U.S.C. § 3583(d). |

U.S. Probation Officer Recommendation:

[x] The term of supervision should be

    [x] revoked.

    [ ] extended for _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

See attached *Declaration in Support of Petition, Re: Violations of Supervised Release Conditions, Request for a Summons.*

Reviewed by:
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader
Date: MAY 17, 2007

Reviewed by:
TIMOTHY E. MORAN
Assistant U.S. Attorney
Date:

I declare under penalty of perjury that the foregoing is true and correct.
MARGARITA DLG. WONENBERG
U.S. Probation Officer
Executed on: 5/17/07

THE COURT ORDERS:

[ ] No action.
[ ] The issuance of a warrant.
[x] The issuance of a summons. *for 5-23-07 at 9:00AM*
[ ] Other.

HONORABLE ALEX R. MUNSON
Chief Judge
District of the Northern Mariana Islands

5-18-07
Date

## VIOLATION WORKSHEET

1. Defendant **Steven Villagomez Pangelinan**

2. Docket Number (Year-Sequence-Defendant No.) **CR 95-00024-005**

3. District/Office   Northern Mariana Islands

4. Original Sentence Date   06 / 7 / 96
                                   month  day  year

(If different than above):

5. Original District/Office   N/A

6. Original Docket Number (Year-Sequence-Defendant No.)   N/A

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Failure to participate in a program approved by the probation office for substance abuse which may include but is not limited to random urinalysis. | C |
| • Failure to report to the probation officer once a week at a time set by the probation officer and shall continue with that schedule until such time as the probation officer revises that schedule. | C |
| • That the defendant pay shall pay $50 monthly toward his fine until he obtains employment and is able to pay more per month as determined by the probation officer. | C |

8. Most Serious Grade of Violation (see §7B1.1(b))   **C**

9. Criminal History Category (see §7B1.4(a))   **I**

10. Range of Imprisonment (see §7B1.4(a))   **3-9 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[x] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Defendant: **Steven Villagomez Pangelinan**

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution ($)   NA                     Community Confinement   NA

Fine ($)   $22,432.64              Home Detention   NA

CS   0 balance                        Intermittent Confinement   NA

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: _____ to _____ years.

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from imprisonment:   42-48 mos

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

*The defendant was granted a downward departure upon original sentence for providing substantial assistance to the government. Pursuant to U.S.S.C. §7B1.4, Commentary, Application Notes 4, "Where the original sentence was the result of a downward departure (e.g. as a reward for substantial assistance), or a charge reduction that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted."*

*Pursuant to Title 18 U.S.C. § 3583(e)(3), a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony.*

15. **Official Detention Adjustment** (see §7B1.3(e)):   0  months   0  days

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 95-00025-005 |
| | ) | |
| Plaintiff, | ) | |
| | ) | DECLARATION IN SUPPORT OF PETITION |
| | ) | |
| vs. | ) | |
| | ) | |
| STEVEN VILLAGOMEZ PANGELINAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Re:   Violations of Supervised Release Conditions; Request for a Summons**

I, U.S. Probation Officer Margarita DLG Wonenberg, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Steven Villagomez Pangelinan, and in that capacity declare as follows:

On June 7, 1996, Steven V. Pangelinan was sentenced to 33 months in prison and five years of supervised release for the offense of Conspiracy to Possess and Possession with Intent to Distribute a Scheduled II Controlled Substance. Special conditions of supervised release included participation in a drug treatment program, pay a fine of $25,000, and a Special Assessment fee of $50. Mr. Pangelinan's conditions of supervised release were modified on four different occasions: August 25, 1999, when he was ordered to seek and maintain gainful employment, obtain a high school equivalency diploma during the term of his supervised release, and perform an additional 100 hours of community service; June 15, 2001, when he was ordered to report to the Probation Officer once a week at a time set by the Probation Officer and shall continue with that schedule until such time as the Probation Officer revises the schedule, register at the Northern Marianas College GED program and obtain his GED, pay $50 monthly toward his fine until he obtains employment and is able to pay more per month as determined by the U.S. Probation Officer, abstain from any use of alcohol, and perform 140 hours of community service; February 28, 2003, when an additional 100 hours of community service was imposed; and October 15, 2004 when another 100 hours was imposed. Mr. Pangelinan was also ordered to refrain from any gambling involving money, and from entering any poker establishment.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions
Re:    PANGELINAN, Steven Villagomez
USDC Cr. Cs. No. 95-00025-005
May 17, 2007
Page 2


In addition to the multiple sanctions that the Court imposed on Mr. Pangelinan, his supervised release conditions were revoked on January 25, 2000, and he was sentenced to nine months imprisonment. On February 23, 2005, he was sentenced to one day time served. The Court re-imposed previously ordered supervised release conditions and added one more condition, that if the defendant obtains his GED and pays off the entire fine balance, his supervision will terminate. Mr. Pangelinan is hereby alleged to have violated the following conditions of supervision, which are in violation of 18 U.S.C. § 3583(d).

**Special Condition:** *That the defendant participate in a program approved by the probation office for substance abuse which may include but is not limited to random urinalysis.*

Mr. Pangelinan failed to show at Marianas Psychiatric Services for scheduled urinalysis and counseling on the following dates: February 18 and 24, 2007; March 8, 11, 14, 21, and 24, 2007.

**Special Condition:** *That the defendant report to the probation officer once a week at a time set by the probation officer and shall continue with that schedule until such time as the probation officer revises that schedule.*

Steven Pangelinan failed to report to the U.S. Probation Office in the months of February and March, 2007. This Officer attempted numerous times to contact Mr. Pangelinan and even left telephone messages with his girlfriend, Jessica Barcinas, and his mother, Maria Pangelinan. In this officer's absence, U.S. Probation Officers Melinda Brunson and Judy Ocampo left messages for Mr. Pangelinan to report to the probation office. Visits to Mr. Pangelinan's residence were made, but Mr. Pangelinan was never home.

**Special Condition:** *That the defendant pay shall pay $50 monthly toward his fine until he obtains employment and is able to pay more per month as determined by the probation officer.*

Steven Pangelinan obtained employment on January 31, 2006 as a boat captain for the Santa Rosa II and earns $2,000 per month. This Officer, with Mr. Pangelinan's consent, implemented garnishment on his Bank of Saipan account on February 2006. In 2006, his payments were recorded for the months of February, March, April, August, and October. This Officer was aware that Mr. Pangelinan was unemployed due to lack of business in the month of September 2006, but was assured by him that he will resume his payments in October.

Records at the Financial Litigation Unit of the United States Attorney's Office for the Districts of Guam and Northern Mariana Islands verified that Steven Pangelinan's Bank of Saipan account was closed in February 2007 due to lack of funds. The last deposit was recorded in January 2007. As of this date, Mr. Pangelinan's fine amount includes a principal amount of $11,752; interest $10,445.64; and penalty fee $235, for a combined outstanding balance of $22,432.64.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions
Re:    PANGELINAN, Steven Villagomez
USDC Cr. Cs. No. 95-00025-005
May 17, 2007
Page 3


**Supervision Compliance:** Mr. Pangelinan's last known employment was with Dive World, where he is employed as a boat captain. He completed his community service at the National Park Service in September 5, 2006.

**Officer Recommendation:** This Probation Officer respectfully requests that the Court issue a Warrant for Steven Villagomez Pangelinan to appear at a hearing scheduled by the Court, and during that hearing, he be held to answer or show cause why supervise release in this case should not be revoked, or for any reason or cause which the Court may deem just and proper pursuant to 18 U.S.C. § 3583.

Executed this 17th day of May 2007, at Saipan, MP, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.


Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By:    _____
       MARGARITA DLG WONENBERG
       U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc:    Timothy E. Moran, Assistant United States Attorney
       F. Matthew Smith, Defense Attorney
       File